Nathan Paco (151490)
LAW OFFICES OF NATHAN PACO
1419 Burlingame Ave., 2nd Floor
Burlingame, CA 94010

Telephone 650.343.1371
Fax: 650.343.7979

Attorney for Defendants
CRIMSUN, INC. dba MANILA BAY CUISINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE MOSS, an individual, | Case No.:C-06-6356 SBA |
| Plaintiffs, | |
| vs. | ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |
| MANILA BAY CUISINE; et al., | |
| Defendants | |

  Crimsun, Inc. does business as Manila Bay Cuisine hence; they shall be collectively referred to as "Crimsun" or "Defendant."  Defendant answers the Complaint of Plaintiffs as follows:

INTRODUCTION

1. To the extent that Paragraph 1 asserts allegations against it, Defendant denies each allegation contained in Paragraph 1 and denies that Plaintiff is entitled to the relief.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2.  Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint and accordingly they are denied.

JURISDICTION AND VENUE

C:\OFF LINE Docs FROM NAS\CRISTOBAL ANSWER1.doc

3.      Defendant admits that Paragraph 3 purports to invoke jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §§ 12101, *et seq.;* however, issues of jurisdiction are questions of law to which no response is required.  Defendant further admits that Plaintiffs purport to invoke jurisdiction over Plaintiffs' state law claims under the doctrine of pendant jurisdiction; however, issues of jurisdiction are questions of law to which no response is required.

4.      Defendant admits that in Paragraph 4 Plaintiffs have asserted that venue in this Court is proper pursuant to 28 U.S.C. § 1391(b); however, issues of venue are questions of law to which no response is required.

5.      To the extent that Paragraph 5 contains purported legal definitions and conclusions, Defendant asserts that those definitions and conclusions are questions of law to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and accordingly they are denied.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6, 7,8,12,14,16,20,31, and 37, and accordingly, they are denied.

7.      Defendant admits only the allegations of the second sentence of Paragraph 9, but denies the allegations of each and every other sentence in Paragraph 9.

8.      Defendant asserts that  Paragraphs 39,40,41,42,43,45,51,52,53,60,62,and 63 are questions of law to which no response is required.  However, to the extent that a response is required, Defendant denies the allegations in Paragraphs 39,40,41,42,43,45,51,52,53,60,62,and 63.

9.      In response to Paragraph 38, the Defendant incorporates by reference its responses to Paragraph 1 through 37, as though set forth fully herein.

10.     In response to Paragraph 50, the Defendant incorporates by reference its responses to Paragraph 1 through 49, as though set forth fully herein.

11.     In response to Paragraph 59, the Defendant incorporates by reference its responses to Paragraph 1 through 58, as though set forth fully herein.

12.     In response to Paragraph 67, the Defendant incorporates by reference its responses to Paragraph 1 through 66, as though set forth fully herein.

13.     Defendant denies the allegations in Paragraph 49.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 49.

14.     Defendant denies the allegations in Paragraph 66.  Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 66.

C:\OFF LINE Docs FROM NAS\CRISTOBAL ANSWER1.doc

15.   Defendant denies each and every allegation of each and every paragraph numbered from 1 through and including 71 that it has: not admitted to, stated it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in them, or asserted to be questions of law to which no response is required.

### PRAYER FOR FIRST CAUSE OF ACTION

Defendant denies that Plaintiff is entitled to the relief sought in each and every Paragraph of Plaintiffs' Prayer for First Cause of Action.

### PRAYER FOR SECOND CAUSE OF ACTION

Defendant denies that Plaintiff is entitled to the relief sought in each and every Paragraph of Plaintiffs' Prayer for SECOND Cause of Action.

### PRAYER FOR THIRD CAUSE OF ACTION

Defendant denies that Plaintiff is entitled to the relief sought in each and every Paragraph of Plaintiffs' Prayer for THIRD Cause of Action.

### PRAYER FOR FOURTH CAUSE OF ACTION

Defendant denies that Plaintiff is entitled to the relief sought in each and every Paragraph of Plaintiffs' Prayer for FOURTH Cause of Action.

### PRAYER FOR FIFTH CAUSE OF ACTION

Defendant denies that Plaintiff is entitled to the relief sought in each and every Paragraph of Plaintiffs' Prayer for FIFTH Cause of Action.

### PRAYER FOR SIXTH CAUSE OF ACTION

Defendant denies that Plaintiff is entitled to the relief sought in each and every Paragraph of Plaintiffs' Prayer for SIXTH Cause of Action.

## **AFFIRMATIVE DEFENSES**

AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES TO ALL ALLEGATIONS SET FORTH IN THE COMPLAINT HEREIN, DEFENDANT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to state a cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to state a cause of action of discrimination under Civil Code section 51, et seq...

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to state a cause of action under the California Disabled Persons Act, California Civil Code § 54 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Defendant allege that Plaintiffs have failed to state a cause of action under Health and Safety Code § 19955, et seq.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to state a cause of action under Business & Professions Code § 17200, et seq.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages, if any there were, although they had reasonable opportunity to do so.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant hereto, alterations to access, to the extent that they were required, were not readily achievable.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant hereto, alterations to access, to the extent that they were required, were not technically feasible.

C:\OFF LINE Docs FROM NAS\CRISTOBAL ANSWER1.doc

TENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant hereto, alterations to access, to the extent that they are required, would result in an undue burden on Defendant.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that some or all of Plaintiffs' claims for relief are moot, and this Court lacks jurisdiction.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to exhaust California state law administrative remedies required before filing this action.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent that Plaintiffs suffered any injuries, said injuries were directly and proximately caused by the negligence or fault of others for which Defendant is not liable or responsible.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that if it is responsible in any respect for any injuries or damages suffered by Plaintiffs, which Defendant expressly denies, such injuries or damages have been caused or contributed to by others, and Defendant's proportional liability, if any, should be reduced to the extent thereof.

TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs were partially, if not wholly, negligent or otherwise at fault and should be barred from recovery of that portion of the damages directly attributable to their proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that it did not intentionally impede or impair access to Plaintiffs.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant hereto, Defendant acted with a reasonable belief that its actions were in accordance with federal and state laws.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims under California Business and Professions Code section 17200, et seq., are barred because Plaintiffs have an adequate remedy at law.

DATED: November 26, 2006

        /s/ Nathan Paco
Nathan Paco, Attorney for Defendants
CRIMSUN, INC. dba MANILA BAY CUISINE

C:\OFF LINE Docs FROM NAS\CRISTOBAL ANSWER1.doc