1  Jeffrey H. Lowenthal (SBN: 111763)
   Edward Egan Smith (SBN: 169792)
2  Jessica C. Grannis (SBN: 240770)
   STEYER LOWENTHAL BOODROOKAS
3    ALVAREZ & SMITH LLP
   One California Street, Third Floor
4  San Francisco, California 94111
   Telephone: (415) 421-3400
5  Facsimile: (415) 421-2234

6  Attorneys for Defendants
   Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC and; GF Liberty, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation | CASE NO. C06-6356 |
| | ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |
| Plaintiffs, | |
| vs. | |
| | **JURY TRIAL REQUESTED** |
| MANILA BAY CUISINE; LANDMARK TOWNE CENTER, LLC, a Delaware limited liability company; AGLOS, LLC, a Delaware limited liability company; DINKY, LLC, a Delaware limited liability company; GF LIBERTY, LLC, a Delaware limited liability company; CRIMSUN, INC., a California corporation, | |
| Defendants. | |

Defendants Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC and; GF Liberty, LLC (hereinafter collectively referred to as "defendants") hereby generally deny each and every allegation in plaintiffs Nicole Moss ("Moss") and the Disability Rights, Enforcement, Education, Services: Helping You Help Others ("DREES") (sometimes collectively referred to as "plaintiffs") complaint filed on October 11, 2006 ("complaint"), and specifically deny that plaintiffs have been damaged in any sum whatsoever and further specifically deny that plaintiffs are entitled to any relief in any form whatsoever by reason of any act or omission of these answering defendants, and further responds to plaintiffs' complaint as follows:

1. Answering paragraph 1 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' physical condition, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

2. Answering paragraph 2 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' physical condition, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

**JURISDICTION AND VENUE**

3. Answering paragraph 3 of the complaint, defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, but deny that defendants have violated any applicable law or statute, including but not limited to the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., Cal. Health & Safety Code § 19955, et seq., Title 24 of the California Code of Regulations, and the California Unruh Act, Cal. Civ. Code §§ 51, 54 and 54.1.

4. Defendant admits the allegations contained in paragraph 4 of the complaint.

///
///
///

- 1 -

**PARTIES**

5. Answering paragraph 5 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' physical condition, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

6. Answering paragraph 6 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning patron plaintiff DREES' membership, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

7. Answering paragraph 7 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning patronage of Manila Bay Cuisine by DREES members, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

8. Answering paragraph 8 of the complaint, defendants admit that they own the subject shopping center and that the shopping center and restaurant are public accommodations under the referenced statutes, defendants further admit that they lease premises to Manila Bay Cuisine located at/near 1230 El Camino Real #J, San Bruno, California, however, defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny the remaining allegations contained in said paragraph.

9. Answering paragraph 9 of the complaint, defendants admit that they own the subject shopping center and that the shopping center and restaurant are public accommodations under the referenced statutes, defendants further admit that they lease premises to Manila Bay Cuisine, however, defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny the remaining allegations contained in said paragraph.

///

1      10.    Answering paragraph 10 of the complaint, defendants admit that the referenced regulation speaks for itself, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny the remaining allegations contained in said paragraph. As a further answer to this paragraph, defendant deny that it has violated any applicable law or statute.

**PRELIMINARY FACTUAL ALLEGATIONS**

11.    Answering paragraph 11 of the complaint, defendants admit that Manila Bay Cuisine is located at/near 1230 El Camino Real #J, San Bruno, California, however, defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny the remaining allegations contained in said paragraph.

12.    Answering paragraph 12 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' membership in DREES, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

13.    Answering paragraph 13 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Manila Bay Cuisine's advertising regarding accessibility, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

14.    Answering paragraphs 14, 15, 16, 17, 18 and 19 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' patronage of Manila Bay Cuisine, and on that basis deny those allegations, and deny each and every remaining allegation of those paragraphs.

15.    Answering paragraph 20 of the complaint, defendants deny that plaintiff Moss wrote to defendants as the landlord. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' correspondence with

- 3 -

Manila Bay Cuisine, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

16. Answering paragraph 21 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' patronage of Manila Bay Cuisine, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

17. Answering paragraphs 22 and 23 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged "architectural barriers" encountered, and on that basis deny those allegations, and deny each and every remaining allegation of those paragraphs.

18. Answering paragraph 24 of the complaint, defendants deny that plaintiff Moss wrote to defendants as the landlord and deny receiving the letters attached to the complaint as Exhibit A, said letters being addressed solely to Manila Bay Cuisine. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Moss' correspondence with Manila Bay Cuisine, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

19. Defendants deny the allegations contained in paragraphs 26, 27, 28 and 29.

20. Answering paragraph 30 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning alterations of Manila Bay Cuisine, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

21. Answering paragraphs 31, 32, 33, 34, 35 and 36 of the complaint, defendants admit that the referenced statutes speak for themselves, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis deny the remaining allegations contained in those paragraphs. As a further answer to these paragraphs, defendants deny that they have violated any applicable law or statute.

- 4 -

22. Answering paragraph 37 of the complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs Moss and DREES, and on that basis deny those allegations, and deny each and every remaining allegation of this paragraph.

**FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT OF 1990 (42 U.S.C. §§ 12101, *et seq.*)**

23. Answering paragraph 38 of the complaint, defendants incorporate their responses to paragraphs 1 through 37 as though fully set forth herein.

24. Answering paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49 of the compliant defendants admit that the referenced statutes speak for themselves, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis deny the remaining allegations contained in those paragraphs. As a further answer to these paragraphs, defendants deny that they have violated any applicable law or statute.

**SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ.***

25. Answering paragraph 50 of the complaint, defendants incorporate their responses to paragraphs 1 through 49 as though fully set forth herein.

26. Answering paragraphs 51, 52, 53, 54, 55, 56, 57 and 58 of the complaint, defendants admit that the referenced statutes speak for themselves, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis deny the remaining allegations contained in those paragraphs. As a further answer to these paragraphs, defendants deny that they have violated any applicable law or statute.

**THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §§ 19955, *ET SEQ.***

27. Answering paragraph 59 of the complaint, defendants incorporate their responses to paragraphs 1 through 58 as though fully set forth herein.

- 5 -

28. Answering paragraphs 60, 61, 62, 63, 64, 65 and 66 of the complaint, defendants admit that the referenced statutes speak for themselves, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis deny the remaining allegations contained in those paragraphs. As a further answer to these paragraphs, defendants deny that they have violated any applicable law or statute.

**FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, *ET SEQ*. (THE UNRUH CIVIL RIGHTS ACT)**

29. Answering paragraph 67 of the complaint, defendants incorporate their responses to paragraphs 1 through 66 as though fully set forth herein.

30. Answering paragraphs 68, 69, 70 and 71 of the complaint, defendants admit that the referenced statutes speak for themselves, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis deny the remaining allegations contained in those paragraphs. As a further answer to these paragraphs, defendants deny that they have violated any applicable law or statute.

**PRAYER FOR RELIEF**

The remaining paragraphs of the complaint contain plaintiffs' prayer for relief to which no response is required. To the extent a response may be required, defendants deny that plaintiffs are entitled to the relief sough in these paragraphs.

**AFFIRMATIVE DEFENSES**

AS A FIRST AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.

///
///
///

- 6 -

ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Case No. C 06-6356
S:\SHELTER\San Bruno Town Ctr\Moss\Pleadings\Answer-Shelter.wpd

AS A SECOND AFFIRMATIVE DEFENSE, defendants are informed and believe that each cause of action is barred by the applicable statute of limitations including, but not limited to: California Civil Procedure Code Sections 337, 338, 339, 340, 340.6, 343, 42 U.S.C. § 12101 et seq., Cal. Civ. Code § 510, et seq.

AS A THIRD AFFIRMATIVE DEFENSE, defendants are informed and believe that all alleged acts or omissions were privileged by, among other things, Cal. Civ. Code § 47.

AS A FOURTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs are guilty of negligence which proximately caused and/or contributed to their damages, if any.

AS A FIFTH AFFIRMATIVE DEFENSE, defendants are informed and believe that to the extent that plaintiffs have or will suffer any damages, which defendants deny, said damages were or will be caused solely or proximately by the conduct of plaintiffs, other parties and third parties who are not parties in this action.

AS A SIXTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs have failed to mitigate their damages, if any.

AS A SEVENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs are guilty of laches in failing to timely assert their claims.

AS AN EIGHTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs are estopped by their acts, omissions and representations from asserting the claims in the complaint.

AS A NINTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs ratified the conduct which is the subject matter of the complaint.

AS A TENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs did not rely on any act or omission of defendants.

AS AN ELEVENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs have released and waived the claims alleged in the complaint against defendants by, including but not limited to, their acts, omissions and representations.

AS A TWELFTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs had knowledge of, and assumed the risks incident to the matters alleged in the complaint.

AS A THIRTEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that if any wrongful conduct was engaged in by other parties and/or unnamed third parties, plaintiffs directly or indirectly acted in concert with those other parties or persons or knowingly ratified or approved such conduct and are therefore precluded from recovering under the doctrine of in pari delicto.

AS A FOURTEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs are barred from asserting their claims and are guilty of unclean hands by virtue of their acts and omissions and the acts and omissions of their agents and representatives with respect to the matters alleged in the complaint.

AS A FIFTEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that if plaintiffs' damages, if any, were the fault of the negligence, if any, of other parties to this action, defendants are informed and believe that these answering defendants' liability is limited to its percentage share of liability, if any, which liability is expressly denied and contested, subject to Civil Code Section 1431, et seq. (The California Fair Responsibility Act of 1986)

AS A SIXTEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that if there are persons and entities, both named and unnamed in the complaint herein, who either are or may be legally and proximately responsible for plaintiffs' alleged damages, if any, defendants request that this Court determine the nature and extent of said fault by other parties and determine a proper allocation of the same between these parties for the purpose of permitting equitable contribution among these parties toward any judgment recovered by the complaint pursuant to the rule of American Motorcycle Association v. Superior Court.

- 8 -

AS A SEVENTEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs lacks standing to bring the claims alleged in the complaint in that they are not persons aggrieved by the violations alleged.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that the relief and modifications that plaintiffs seek to impose would require construction, alteration, or structural modification of the subject premises which are not readily achievable.

AS A NINETEENTH AFFIRMATIVE DEFENSE, defendants are informed and believe that the relief sought by plaintiffs, including the architectural, communications, and structural modifications sought, would cause an undue hardship on defendants.

AS A TWENTIETH AFFIRMATIVE DEFENSE, defendants are informed and believe plaintiffs' claims are barred in whole or in part because plaintiffs failed to exhaust their administrative remedies pursuant to, among other things, 42 U.S.C. § 2000a-3(c) and Cal. Govt. Code § 12948.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE, defendants are informed and believe that plaintiffs' claims are in whole or in part moot.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiffs take nothing;
2. For costs of suit including reasonable attorney's fees; and
3. For such further relief that the Court deems just and proper.

Dated: December 22, 2007                    STEYER LOWENTHAL BOODROOKAS
                                            ALVAREZ & SMITH LLP


                                            By:   /s/ Edward Egan Smith
                                                  Jeffrey H. Lowenthal
                                                  Edward Egan Smith
                                                  Jessica C. Grannis
                                                  Attorneys for Defendant Attorneys for
                                                  Defendants Landmark Towne Center,
                                                  LLC; Aglos, LLC; Dinky, LLC and; GF
                                                  Liberty, LLC

- 9 -

**DEMAND FOR JURY TRIAL**

Defendants Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC and; GF Liberty, LLC hereby demand a trial by jury of all issues in the present action to which they are entitled to a trial by jury.

Dated: December 22, 2007

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By:   /s/ Edward Egan Smith
Jeffrey H. Lowenthal
Edward Egan Smith
Jessica C. Grannis
Attorneys for Defendant Attorneys for Defendants Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC and; GF Liberty, LLC

- 10 -

1  Jeffrey H. Lowenthal (SBN: 111763)
   Edward Egan Smith (SBN: 169792)
2  Jessica C. Grannis (SBN: 240770)
   STEYER LOWENTHAL BOODROOKAS
3    ALVAREZ & SMITH LLP
   One California Street, Third Floor
4  San Francisco, California 94111
   Telephone: (415) 421-3400
5  Facsimile: (415) 421-2234

6  Attorneys for Defendants
   Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC and; GF Liberty, LLC
7

8

9               **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12

13 | NICOLE MOSS, an individual; and | ) | CASE NO. C06-6356 |
   | DISABILITY RIGHTS, ENFORCEMENT, | ) | |
   | EDUCATION, SERVICES: HELPING | ) | |
14 | YOU HELP OTHERS, a California public | ) | CERTIFICATE OF SERVICE |
   | benefit corporation | ) | |
15 | | ) | |
   |          Plaintiffs, | ) | |
16 | | ) | |
   | vs. | ) | |
17 | | ) | |
   | MANILA BAY CUISINE; LANDMARK | ) | |
18 | TOWNE CENTER, LLC, a Delaware | ) | |
   | limited liability company; AGLOS, LLC, a | ) | |
19 | Delaware limited liability company; | ) | |
   | DINKY, LLC, a Delaware limited liability | ) | |
20 | company; GF LIBERTY, LLC, a Delaware | ) | |
   | limited liability company; CRIMSUN, | ) | |
21 | INC., a California corporation, | ) | |
   | | ) | |
22 |          Defendants. | ) | |
   | | ) | |
23 | | ) | |
24 | _____ | ) | |

25

26

27

28

---

CERTIFICATE OF SERVICE
Case No. C 06-6356
S:\SHELTER\San Bruno Town Ctr\Moss\Pleadings\COVER.cert serv.wpd

1   CERTIFICATE OF SERVICE

3   I declare that I am over the age of eighteen years and that I am not a party to this action.
4   I am an employee of Steyer Lowenthal Boodrookas Alvarez & Smith LLP, and my business address is One California Street, Suite 300, San Francisco, CA 94111.
5   On the date set forth below, I served the following document(s):

7   ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8
9   [x]   by sending the true copies thereof as designated below:
    [x]   by placing [ ] the original [x] a true copy thereof enclosed in sealed envelopes
10        addressed as follows:

12  Thomas E. Frankovich                     Nathan Paco
    2806 Van Ness Avenue                     Law Offices of Nathan Paco
13  San Francisco, CA 94109                  1419 Burlingame Ave., 2nd Floor
    Telephone (415) 674-8600                 Burlingame, CA 94010
14  Fax (415) 674-9900                       Telephone (650) 343-1371
    *[Attorney for Plaintiffs]*              Fax (650) 343-7979
15                                           *[Attorneys for Defendants
                                             Crimsun, Inc. dba Manila Bay Cuisine]*

17  [x]   **BY MAIL.** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, to wit, that correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing following ordinary business practices.

21  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    Executed on December 22, 2006, at San Francisco, California.

                                                    /s/ Elizabeth R. Costiniano

CERTIFICATE OF SERVICE
Case No. C 06-6356
S:\SHELTER\San Bruno Town Ctr\Moss\Pleadings\COVER.cert serv.wpd