THOMAS E. FRANKOVICH (State Bar No. 074414)
JENNIFER L. STENEBERG (State Bar No. 202985)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:   415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
NICOLE MOSS
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MANILA BAY CUISINE; LAND MARK TOWNE CENTER, LLC., a Delaware limited liability company; AGLOS, LLC., a Delaware limited liability company; DINKY, LLC., a Delaware limited liability company; GF LIBERTY, LLC., a Delaware limited liability company; CRIMSUN INC., a California corporation,<br><br>　　　　Defendants. | **CASE NO. C 06-6356 SBA**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Fed. R. Civ. P. 59(e)]<br><br>Date:　　　October 30, 2007<br>Time:　　　1:00 p.m.<br>Judge:　　　Hon. Saundra B. Armstrong<br>Room:　　　Courtroom 3, 3rd Floor<br>Location:　　301 Clay Street<br>　　　　　　Oakland, California<br>Telephone:　(510) 637-3541 |

　　　　Plaintiffs Nicole Moss and Disability Rights Enforcement, Education Services, by and through their counsel of record, submit this memorandum of points and authorities in support of their motion to alter or amend the judgment.

///

///

<u>TABLE OF CONTENTS</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    PLAINTIFFS' MOTION SHOULD BE GRANTED SINCE THERE IS A NON-FRIVOLOUS EXPLANATION FOR THE DELAY . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Plaintiffs' Motion under F.R.C.P. 59(e) is Made Timely . . . . . . . . . . . . . 1

    B.    There is a Non-Frivolous Explanation for Plaintiffs' Delay in Prosecution . . 1

II.    DISMISSAL OF PLAINTIFFS' ACTION IS AN EXTREME SANCTION THAT SHOULD BE RECONSIDERED IN LIGHT OF EVIDENCE SUPPORTING PLAINTIFFS' NON-FRIVOLOUS EXPLANATION FOR DELAY . . . . . . . . . . 2

    A.    Plaintiffs Did Not Receive Adequate Warning of The Dismissal . . . . . . . . . . 2

    B.    The Circumstances That Led To Dismissal of Plaintiffs' Claims Were Not Extreme As To Warrant Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    Defendants Were not Prejudiced by Plaintiffs' Non-Frivolous Delay . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

Cases

**U.S. Supreme Court**

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Ninth Circuit and California District Courts**

*Laurino v. Syringa General Hospital*,
    279 F. 3d 750 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Olivia v. Sullivan,*
    958 F.2d 272, 274 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Roque v. City of Redlands,*
    1978 U.S. Dist. LEXIS 16429, (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . 3

*U.S. for Use of Wiltec Guam v. Kahaluu Const.*,
    857 F.2d 600, 604 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statutes

Fed. R. Civ. P. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**INTRODUCTION**

On September 13, 2007, this Court issued an order dismissing this case pursuant to Federal Rule of Civil Procedure 41(b). The Court's rationale for this decision was a result of plaintiffs' failure to appear at an order to show cause hearing on September 12, 2007. Apparently, on July 16, 2007, this Court entered an order directing plaintiffs to show cause why this action should not be dismissed for failure to comply with the Court's scheduling orders and for failure to prosecute. However, Plaintiffs have no record of receiving the July 16, 2007, notice, and thus, were unaware of their need to prepare a response in anticipation of the September 12, 2007, hearing. Furthermore, due to a miscommunication within plaintiffs' counsel's office, along with the personnel changes and the reassignment of this case within plaintiffs' counsel's firm, plaintiffs' delay in the prosecution of this case was non-frivolous.

**ARGUMENT**

**I.     PLAINTIFFS' MOTION SHOULD BE GRANTED SINCE THERE IS A NON-FRIVOLOUS EXPLANATION FOR THE DELAY**

While Federal Rule of Civil Procedure 59 motions are usually used following a trial, "such motions are also permissible in cases . . . in which the Court enters an order of dismissal." *Roque v. City of Redlands,* 1978 U.S. Dist. LEXIS 16429, (9th Cir. 1978). Here, plaintiffs motion under F.R.C.P 59(e) is proper since the Court entered an Order of Dismissal on September 13, 2007.

    **A.     Plaintiffs' Motion under F.R.C.P. 59(e) is Made Timely**

A motion to alter or amend a judgment must be filed no later than 10 days after entry if the judgement. F.R.C.P. 59(e). Here, the Order of Dismissal was entered on September 13, 2007. Plaintiffs' motion is made timely since it is being filed on or before September 24, 2007.

    **B.     There is a Non-Frivolous Explanation for Plaintiffs' Delay in Prosecution**

In *Laurino v. Syringa General Hospital*, 279 F. 3d 750 (9th Cir. 2002), the Ninth Circuit Court of Appeals reversed the district court's order of dismissal because the plaintiff "provided a non-frivolous explanation" for failing to prosecute the case. Here, since the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT                                    1

beginning of January 2007, the parties had made several attempts to schedule a joint site inspection. After several scheduling conflicts, the parties, on May 23, 2007, were finally able to participate in a joint site inspection. At about this same time, the associate attorney handling this case left plaintiffs' counsel's firm. The case was reassigned to lead counsel, who was to be assisted in the prosecution by counsel's paralegal, Maria V. Martinez.[1]

Following the joint site inspection, plaintiffs' lead counsel directed the Ms. Martinez to prepare a settlement demand letter to defendants in this case for counsel review. Unfortunately, Ms. Martinez misunderstood the communication and thought the demand discussed had already been conveyed orally to defendants by Mr. Frankovich immediately following the site inspection. This miscommunication did not come to light until receipt of the Order of Dismissal on September 13, 2007.

In late August, Ms. Martinez was asked to follow-up with defendants' counsel on the status of the demand. Regrettably, however, Ms. Martinez did not send the follow-up letter as she was otherwise occupied with assisting plaintiffs' lead counsel with preparation for an impending trial. Regrettably, the initial miscommunication, combined with recent personnel changes and the reassignment of this case within plaintiffs' counsel's firm, resulted in delay in the prosecution of this case.

## II. DISMISSAL OF PLAINTIFFS' ACTION IS AN EXTREME SANCTION THAT SHOULD BE RECONSIDERED IN LIGHT OF EVIDENCE SUPPORTING PLAINTIFFS' NON-FRIVOLOUS EXPLANATION FOR DELAY

### A. Plaintiffs Did Not Receive Adequate Warning of The Dismissal

There are several factors that courts should consider " before resorting to the penalty of dismissal." *Olivia v. Sullivan,* 958 F.2d 272, 273 (9th Cir. 1992). The court in *Olivia*, considered the court's failure " to consider less drastic alternatives and the lack of warning of imminent dismissal of the case." *Id.*

Here, Plaintiffs' counsel did not have adequate notice of the dismissal. (*See* Declaration of Maria V. Martinez, ¶11). Plaintiffs have no internal record of receiving the order

---

[1] Thomas E. Frankovich, APLC, consists of only one lead trial counsel, one senior associate, one paralegal, and two support staff.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT        2

to show cause entered by this Court on July 16, 2007.  This was further evidenced by plaintiffs' counsels' failure to file a response to the order to show cause **and** plaintiffs' counsel's failure to appear at the hearing on September 12, 2007.

### B. The Circumstances That Led To Dismissal of Plaintiffs' Claims Were Not Extreme As To Warrant Dismissal

" Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances."  *Olivia,* 958 F.2d at 274.  A district court has the inherent power to control its docket and ensure compliance with its orders and local rules through sanction.  *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-30 (1961).  Yet, the Court' s power is not without limits.  Dismissal is harsh penalty, and the bounds of discretion dictate that dismissal should be imposed as a sanction only in the most extreme of circumstances.  *Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir. 1986).

Plaintiffs' counsel submits that a review of the file would have made them realize that earlier rather than later that a settlement demand had not been sent to defendants' counsel.  But, it still would not have put plaintiffs' counsel on notice of the order to show cause entered by the Court on July 16, 2007.  Again, plaintiffs' counsels' failure to file a response to the order to show cause **and** plaintiffs' counsel' s failure to appear at the hearing on September 12, 2007, should have given this Court an indication that plaintiffs has no warning of the impending dismissal.

### C. Defendants Were not Prejudiced by Plaintiffs' Non-Frivolous Delay

Plaintiffs' counsel acknowledges the need for this Court to manage its docket and the public' s interest in expeditious resolution of litigation. However, there was no indication that " alternative sanctions were considered," by this Court.  *Id.* at 274. The Court, as evidenced by its own Order of Dismissal, acknowledged the fact that no " explanation was filed" by plaintiffs.

Further, there was no indication that plaintiffs' delay caused prejudice to defendants. Delay alone has been held to be insufficient prejudice.  *U.S. for Use of Wiltec Guam v. Kahaluu Const.*, 857 F.2d 600, 604 (9th Cir. 1988).  Here, plaintiffs' counsel's failure to timely follow-up

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT                              3

on a settlement demand that was thought to be sent to defendants did not cause prejudice to defendants. If anything, defendants were inured by plaintiffs' delay since it gave them more time to remedy the architectural barriers to access complained of by plaintiffs.

## CONCLUSION

In light of the above, plaintiffs' counsel requests that the Court reverse the order of dismissal and immediately refer this case to Court-sponsored mediation to be completed within ninety (90) days.

Respectfully submitted.

Dated: September 20, 2007  THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By:  /s/ Thomas E. Frankovich
Thomas E. Frankovich
Attorneys for Plaintiffs NICOLE MOSS and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION SERVICES