1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   JENNIFER L. STENEBERG (State Bar No. 202985)
2  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
3  2806 Van Ness Avenue
   San Francisco, CA 94109
4  Telephone:   415/674-8600
   Facsimile:    415/674-9900
5
   Attorneys for Plaintiffs
6  NICOLE MOSS
   and DISABILITY RIGHTS
7  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
8  HELP OTHERS

9

10                       UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12  NICOLE MOSS, an individual; and           )  **CASE NO.  C 06-6356 SBA**
    DISABILITY RIGHTS, ENFORCEMENT,           )
13  EDUCATION, SERVICES: HELPING              )
    YOU HELP OTHERS, a California public      )  **DECLARATION OF MARIA V.**
14  benefit corporation,                      )  **MARTINEZ IN SUPPORT OF**
                                              )  **PLAINTIFFS' MOTION TO ALTER OR**
15          Plaintiffs,                       )  **AMEND JUDGMENT**
                                              )
16  v.                                        )  [Fed. R. Civ. P. 59(e)]
                                              )
17  MANILA BAY CUISINE; LAND MARK             )  **Date:**       **October 30, 2007**
    TOWNE CENTER, LLC., a Delaware            )  **Time:**       **1:00 PM**
18  limited liability company; AGLOS, LLC., a )  **Judge:**      **Hon. Saundra B. Armstrong**
    Delaware limited liability company;       )  **Room:**       **Courtroom 3, 3rd Floor**
19  DINKY, LLC., a Delaware limited liability )  **Location:**   **301 Clay Street**
    company; GF LIBERTY, LLC., a Delaware     )                  **Oakland, California**
20  limited liability company; CRIMSUN INC., )   **Telephone:**  **(510) 637-3541**
    a California corporation,                 )
21                                            )
            Defendants.                       )
22  _____     )

23
            I, MARIA V. MARTINEZ, declare that if called as a witness and duly sworn, I would and
24
    could competently testify to the following based upon my own personal knowledge:
25
            1.      That I am a paralegal employed by plaintiffs' counsel of record, Thomas E.
26
    Frankovich, APLC.
27
    ///
28

2.  In May of 2007, as a result of former associate attorney Julia Adams leaving this firm, this matter was re-assigned to lead trial counsel Thomas Frankovich for day-to-day case management. In my capacity as paralegal, I assist Mr. Frankovich in the monitoring and management of his cases.

3.  On May 7, 2007, upon review of the file, I noticed that a joint site inspection was tentatively scheduled for May 10, 2007. As a result, I telephoned defendants' counsel to confirm the inspection. I also wrote them via e-mail regarding the same.

4.  On or about May 8, 2007, I received a phone call from defense counsel, Nathan Paco, informing me that he was not available for the May 10, 2007, joint site inspection.

5.  As a result of my telephonic conversation with Mr. Paco, on May 10, 2007, I wrote both counsel for defendants and proposed a new date of May 23, 2007, to hold the joint site inspection. That same day, both counsel confirmed the new date of May 23, 2007.

6.  On May 23, 2007, the parties held a joint inspection of the premises.

7.  On or about May 24, 2007, I spoke with Mr. Frankovich regarding the site inspection. I understood from Mr. Frankovich that he made a verbal demand for settlement while the parties were at the premises. It now appears that my understanding may not have been correct.

8.  On or about the week of August 27, 2007, during a meeting with Mr. Frankovich, I was asked to draft a letter for his review following-up on plaintiffs' settlement demand.

9.  That same week, I was assisting Mr. Frankovich in preparation for a trial scheduled for September 13, 2007. These trial preparation activities involved a complex personal injury case with significant medical and economic expert discovery. Due to these demands on my time, I was prevented from drafting the requested follow-up letter prior to receiving the Court's Order of Dismissal on September 13, 2007.

10. Immediately upon receiving the Order of Dismissal, I reviewed our case file to ascertain why the Order to Show Cause hearing did not appear on our calendar. The Order to Show Cause Notice of July 16, 2007, was not in the case file, and it appears that counsel never received said Notice.

11. In the ordinary course of business, all electronic notification sent to this office is printed out by support staff, receipt of the notification is registered on a daily log of incoming communications, and copies are given to the attorney assigned to the case and to myself if I am assisting the attorney in that case. A review of the daily communications logs for July 16 and 17, 2007, do not reflect receipt of the Notice.

12. Furthermore, in this case, had the notice been received, a copy would have been provided to Mr. Frankovich, plaintiffs' lead counsel, and to myself.  No such copy was received. Had plaintiffs' counsel received notice of the order to show cause, a response would have been timely made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 20th day of September, 2007, at San Francisco, California.

DATED: September 20, 2007

By:  /s/ Maria V. Martinez
     MARIA V. MARTINEZ

DECLARATION OF MARIA V. MARTINEZ IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT    3