1  Jeffrey H. Lowenthal (SBN: 111763)
   Edward Egan Smith (SBN: 169792)
2  Jessica C. Grannis (SBN: 240770)
   STEYER LOWENTHAL BOODROOKAS
3    ALVAREZ & SMITH LLP
   One California Street, Third Floor
4  San Francisco, California 94111
   Telephone: (415) 421-3400
5  Facsimile: (415) 421-2234

6  Attorneys for Defendants
   Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC and; GF Liberty, LLC
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  NICOLE MOSS, an individual; and          )   CASE NO. C06-6356 SBA
    DISABILITY RIGHTS, ENFORCEMENT,          )
14  EDUCATION, SERVICES: HELPING             )
    YOU HELP OTHERS, a California public      )   DEFENDANTS MEMORANDUM OF
15  benefit corporation                       )   POINTS AND AUTHORITIES IN
                                              )   OPPOSITION TO PLAINTIFFS'
16            Plaintiffs,                      )   MOTION TO ALTER OR AMEND
                                              )   JUDGMENT; AND DECLARATION OF
17  vs.                                        )   JESSICA GRANNIS
                                              )
18  MANILA BAY CUISINE; LANDMARK             )
    TOWNE CENTER, LLC, a Delaware            )
19  limited liability company; AGLOS, LLC, a )
    Delaware limited liability company;       )
20  DINKY, LLC, a Delaware limited liability  )
    company; GF LIBERTY, LLC, a Delaware     )
21  limited liability company; CRIMSUN,      )
    INC., a California corporation,           )
22                                            )
              Defendants.                      )
23                                            )
                                              )
24  _____  )

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO ALTER OR AMEND JUDGMENT; AND DECLARATION OF JESSICA GRANNIS
Case No. C 06-6356 SBA
S:\SHELTER\San Bruno Town Ctr\Moss\Pleadings\Opp.Mtn.Vacate.wpd

# I.
## INTRODUCTION

Plaintiffs Nicole Moss ("Moss") and the Disability Rights, Enforcement, Education, Services: Helping You Help Others ("DREES") (hereinafter collectively referred to as "plaintiffs") motion to vacate the Court's Order Dismissing the Case on September 13, 2007 should be denied.

On or around October 11, 2006, plaintiffs filed a complaint against restaurant Manila Bay Cuisine ("Manila") and their landlord Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC;and  GF Liberty, LLC's (hereinafter collectively "defendants") for violations of the American with Disabilities Act associated with the restaurants restroom facilities.[1]  After filing their complaint, however, plaintiffs took absolutely no efforts to prosecute their lawsuit. Despite repeated attempts by defendants to contact plaintiffs' counsel (Grannis Decl., Exhibit A), plaintiffs failed to meet any of the deadlines set by the Court in its scheduling order of October 11, 2006 (the "Scheduling Order").

On or about July 16, 2007, this Court duly served notice on all parties of the Court's Hearing on its Order to Show Cause ("OSC") to plaintiffs.  Not only did plaintiffs fail to respond to the Court's OSC, plaintiffs' counsel also failed to appear at the hearing, without excuse.  Plaintiffs' counsel seeks to have the Court vacate its dismissal claiming that they did not receive the Court's OSC notice, which even if true, does not excuse the fact that plaintiffs' counsel failed to meet any of the Scheduling Order deadlines and, for almost a year, took no action to prosecute this lawsuit to the prejudice of defendants.

---

[1] The tenant Manila has already completed the required repairs to the restroom and provided evidence of these repairs to plaintiffs in or around May 2007.  (Grannis Decl., Ex. B).

- 1 -

**III.**
**LEGAL ANALYSIS**

A.   PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS HAVE UNREASONABLY DELAYED IN PROSECUTING THIS ACTION TO THE PREJUDICE OF DEFENDANTS

Federal Rule of Court Rule 41(b) specifically provides that the failure of the plaintiff to prosecute its claim is grounds for involuntary dismissal of the action.  Anderson v. Airwest, Inc. (9th Cir. 1976) 542 F.2d 522, 524.   Rule 41(b) requires plaintiffs to prosecute their case with "reasonable diligence," and federal courts have inherent power to dismiss a complaint for delay in prosecution "to achieve the orderly and expeditious disposition of cases."  Id; Link v. Wabash Railroad Co. (1962) 370 U.S. 626, 630-632.  Dismissal is an appropriate sanction where warning has been provided to plaintiffs and where there is risk of prejudice to defendant from plaintiffs' delay.  Oliva v. Sullivan (9th Cir. 1992) 958 F.2d 272, 273.

1.   Plaintiffs' Were Provided Adequate Notice of the Court's Order to Show Cause

Plaintiffs' counsel had adequate warning of the risk of dismissal.  The Court's notice of its Order to Show Cause was duly electronically served by the Court on July 16, 2007, and plaintiffs' failed to respond to the Court's order or to appear at the hearing on September 12, 2007.

This Court set this matter for electronic filing pursuant to Local Rule 5-4 and General Order 45.  Under General Order 45, notices served electronically, consistent with the procedures adopted by the court, constitute service on the receiving party.  General Order 45(VI)(C) & (IX)(A).  General Order 45 specifically provides that "Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court."  General Order 45(IX)(D).  General Order 45 further provides in pertinent part:

> Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications

– 2 –

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT; AND DECLARATION OF JESSICA GRANNIS
Case No. C 06-6356 SBA
S:\SHELTER\San Bruno Town Ctr\Moss\Pleadings\Opp.Mtn.Vacate.wpd

of filing activity, the parties are strongly encouraged to check the docket
in their case on the electronic filing system at regular intervals.

General Order 45(IX)(A).

Here, notice of the Court's OSC was duly served on all counsel by electronic filing. Additionally, the Court's docket and all electronically filed documents are easily available for review on the Court's website.   Plaintiffs' counsel has a responsibility to manage their cases with reasonable diligence, including maintaining an ECF Account with the Court and checking the Court's docket at regular intervals.  Plaintiffs have failed to provide a non-frivolous excuse for their failure to do so and should not be permitted to circumvent the Court's clear order by claiming that the "Order to Show Cause Notice of July 16, 2007, was not in the case file, and it appears that counsel never received said Notice." (Decl. Martinez at ¶ 10).

> 2.   <u>Plaintiffs' Have Failed to Prosecute the Action with Reasonable Diligence and Failed to Provide a Non-Frivolous Excuse for Their Delay</u>

The law is clear that dismissal is warranted where there is a pattern of intentional and repeated delay and where plaintiff does not provide a "non-frivolous explanation for the delay."  <u>Laurino v. Syringa General Hospital</u> (9th Cir. 2002) 279 F.3d 750, 753; <u>see also</u> <u>Link v. Wabash</u> 370 U.S. 626, 633 (plaintiffs case dismissed where plaintiff failed to appear for pretrial conference and failed to complete discovery by court ordered deadlines).

Here, plaintiffs' motion and supporting declaration fails to account for plaintiffs' eleven month delay, where plaintiffs took  no action to prosecute this lawsuit and failed even to respond to defendants' counsels' repeated phone calls and letters.  (Grannis Decl. Exh. A). On October 11, 2006, this Court issued its Scheduling Order requiring plaintiffs to complete a joint inspection on or before January 19, 2007, meet and confer regarding the joint inspection on or before January 29, 2007, file a Notice of Need for Mediation on or before February 2, 2007 and file a Motion for Administrative Relief Requesting Case Management Conference on or before February 9, 2007.  Only after defendants threatened to bring a motion to dismiss based upon plaintiffs' failure to prosecute the action (Grannis Decl., Exhibit A), did plaintiffs'

– 3 –

1  schedule the required joint inspection on May 23, 2007, long after the January 19, 2007

2  deadline had already passed.  After the joint inspection, plaintiffs' counsel, again, left this

3  matter to linger by failing to pursue settlement negotiations and failing to meet any of the other

4  Scheduling Order deadlines, without substantial justification.  (Martinez Decl. ¶¶ 8,9).

5        Plaintiffs' motion fails to provide any excuse for their dilatory conduct.  This is a

6  simple case involving minor repairs to a bathroom, repairs that have already been completed

7  by the restaurant owner.  (Grannis Decl., Exhibit B).  Despite repeated attempts by defendants'

8  counsel to move this case forward, plaintiffs' counsel repeatedly failed to return phone calls,

9  failed to meet Court mandated deadlines and failed to respond to the Court's OSC.  Now,

10  plaintiffs' counsel, in an attempt to shift blame to a legal assistant, submits the declaration of

11  Maria Martinez blaming internal miscommunications and preparations for a trial in September

12  2007 for plaintiffs failure to a prosecute a lawsuit that has been pending since October 2006.

13  (Decl. Martinez ¶¶ 5-9).   Ms. Martinez's declaration, however, shows that plaintiffs were

14  negligent in their failure to prosecute this action and, thus, fails to meet the "non-frivolous"

15  standard to justify plaintiffs' unreasonable one-year delay.   Therefore, the Court's dismissal

16  should stand.

17        3.    Plaintiffs' Delay Has Caused Prejudice to Defendants

18        Moreover, dismissal is also warranted because plaintiffs' delay has caused prejudice to

19  defendants.  Morris v. Morgan Stanley & Co. (9th Cir. 1991) 942 F.2d 648, 651 ("the failure to

20  prosecute diligently is sufficient itself to justify a dismissal *even in the absence* of a showing

21  of actual prejudice to the defendant from the failure").  From the outset, defendants made

22  efforts to resolve this matter expeditiously.  Defendant Manila quickly made the necessary

23  repairs to the premises, provided plaintiffs' counsel with invoices for these repairs and made

24  the premises available for inspection.  (Grannis Decl., Exhibit B).  However, plaintiffs counsel

25  refused to return phone calls,  failed to provide any demand for settlement and failed to in

26  anyway prosecute the lawsuit they filed against defendants.  (Grannis Decl., Exhibit A).  As a

27  result of plaintiffs delay, defendants have been prejudiced in that they have been forced to

28

–  4  –

incur unnecessary legal expenses to defend against plaintiffs' languishing action, including

repeated attempts to contact plaintiffs counsel, appearing at the September 12, 2007 OSC

hearing and opposing this motion.  Forcing defendants' to incur additional attorneys fees, in a

case where there are no damages because the premises have already been repaired (Grannis

Decl., Exhibit B), is a severe prejudice to defendants, in light of plaintiffs' dilatory conduct.

Furthermore, defendants are likely to be prejudiced by the fact that necessary witnesses and

evidence may no longer be available, including, plaintiff Nicole Moss and employees of

Manila Bay Cuisine.  (Grannis Decl., ¶ 5).

   In the unlikely event that the Court is inclined to grant plaintiffs' relief, defendants

respectfully request that any reversal or amendment of the Court's dismissal of this action be

conditioned upon plaintiffs' payment of the attorney's fees incurred by defendants as a result

of plaintiffs' unreasonable and unjustified delay.  42 U.S.C. § 12188.

**III.**
**CONCLUSION**

   Based on the foregoing, defendants respectfully requests that this Court deny plaintiffs'

motion to vacate or amend the Court's September 12, 2007 Order dismissing plaintiffs'

complaint.  Plaintiffs' failed to prosecute this action with reasonable diligence and failed to

provide a non-frivolous excuse for their repeated delays since October 2006.  Furthermore,

defendants have been prejudice by plaintiffs' delay in that defendants have been forced to incur

unnecessary legal fees defending against plaintiffs' lawsuit despite the fact that the necessary

repairs to the premises have already been made.   In the unlikely event that the Court is

inclined to grant plaintiffs' relief, defendants' respectfully request that the Court condition its

order on plaintiffs' payment of defendants' attorneys' fees incurred as a result of plaintiffs'

unreasonable delay.

– 5 –

1  Dated: November __, 2007

STEYER LOWENTHAL BOODROOKAS
   ALVAREZ & SMITH LLP

By:    /s/ Jessica Grannis
       Jeffrey H. Lowenthal
       Edward Egan Smith
       Jessica C. Grannis
       Attorneys for Defendant Attorneys for
       Defendants Landmark Towne Center,
       LLC; Aglos, LLC; Dinky, LLC and; GF
       Liberty, LLC

– 6 –

**DECLARATION OF JESSICA GRANNIS**

I, Jessica Grannis, hereby declare as follows:

1.      I am an attorney duly admitted to practice before the courts of this state and an associate of the law firm Steyer Lowenthal Boodrookas Alvarez & Smith LLP, attorneys for defendants  Landmark Towne Center, LLC; Aglos, LLC; Dinky, LLC;  and GF Liberty, LLC (collectively "Defendants") in this action.  I am familiar with the pleadings and correspondence between the parties and have personal knowledge of all of the facts set forth herein.  If called as a witness, I could and would competently testify thereto.  I make this declaration in support of defendants' opposition to plaintiffs' motion to vacate or amend the Court's September 12, 2007 Judgment dismissing this action.

2.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of my letter date January 24, 2007 to plaintiffs' counsel.

3.      Defendant Manila Bay Cuisine leases the subject premises located at 1230 El Camino Real, #J, San Bruno, California (the "Premises") from Defendants.

4.      Attached hereto as <u>Exhibit B</u> is a true and correct copy of a fax from defendant Manila Bay Cuisine's counsel dated May 22, 2007 sent to plaintiffs' counsel and attached invoices regarding repairs made to the premises by defendant Manila Bay Cuisine.  Manila Bay Cuisine' counsel has represented to me that they have made the necessary repairs to the Premises, such that the Premises are fully compliant with the Americans with Disabilities Act Access Guidelines and Title 24 of the California Code of Regulations

5.      As a result of defendant Manila Bay Cuisine's above-referenced repairs, plaintiffs' claims for injunctive relief are moot and plaintiffs' can assert no claim for damages in this matter.

6.      Defendants have been prejudiced by plaintiffs' delay in prosecuting this action, in that defendant's counsel has been forced to incur unnecessary legal expenses in trying to contact plaintiffs' counsel and responding to this motion.  Defendants are likely to be further

– 7 –

1  prejudiced by plaintiffs' one-year delay, in that necessary witnesses and evidence may no

2  longer be available, including, plaintiff Nicole Moss and employees of Manila Bay Cuisine.

3          I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct and that this Declaration was executed on November 21, 2007, at

5  San Francisco, California.

6

7                                                    _____/s/ Jessica Grannis_____
                                                     Jessica Grannis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 8 –

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO ALTER OR AMEND JUDGMENT; AND DECLARATION OF JESSICA GRANNIS
Case No. C 06-6356 SBA
S:\SHELTER\San Bruno Town Ctr\Moss\Pleadings\Opp.Mtn.Vacate.wpd