1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   JENNIFER L. STENEBERG (State Bar No. 202985)
2  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
3  2806 Van Ness Avenue
   San Francisco, CA 94109
4  Telephone:    415/674-8600
   Facsimile:    415/674-9900
5
   Attorneys for Plaintiffs
6  NICOLE MOSS
   and DISABILITY RIGHTS
7  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
8  HELP OTHERS

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12  NICOLE MOSS, an individual; and            )  **CASE NO.  C 06-6356 SBA**
    DISABILITY RIGHTS, ENFORCEMENT,            )
13  EDUCATION, SERVICES: HELPING               )
    YOU HELP OTHERS, a California public       )  **REPLY TO DEFENDANTS' OPPOSITION**
14  benefit corporation,                       )  **TO PLAINTIFFS' MOTION TO ALTER**
                                               )  **OR AMEND JUDGMENT**
15         Plaintiffs,                         )
                                               )  [Fed. R. Civ. P. 59(e)]
16  v.                                         )
                                               )  **Date:**       February 12, 2008
17  MANILA BAY CUISINE; LAND MARK              )  **Time:**       1:00 p.m.
    TOWNE CENTER, LLC., a Delaware             )  **Judge:**      Hon. Saundra B. Armstrong
18  limited liability company; AGLOS, LLC., a  )  **Room:**       Courtroom 3, 3rd Floor
    Delaware limited liability company;        )  **Location:**   301 Clay Street
19  DINKY, LLC., a Delaware limited liability  )                  Oakland, California
    company; GF LIBERTY, LLC., a Delaware      )  **Telephone:**  (510) 637-3541
20  limited liability company; CRIMSUN INC.,   )
    a California corporation,                  )
21                                             )
           Defendants.                         )
22  _____)

23

24         Plaintiffs Nicole Moss and Disability Rights Enforcement, Education Services, by and

25  through their counsel of record, submit this Reply to Defendants' Opposition to Plaintiffs'

26  Motion to Alter or Amend Judgment.

27  ///

28  ///

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION MOTION TO ALTER OR AMEND JUDGMENT**       1

TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   PLAINTIFFS' MOTION SHOULD BE GRANTED SINCE THERE IS A NON-FRIVOLOUS EXPLANATION FOR THE DELAY . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   A.   There is a Non-Frivolous Explanation for Plaintiffs' Delay in Prosecution . . . . . 1

   B.   Defendants Were not Prejudiced by Plaintiffs' Non-Frivolous Delay . . . . . . . . . . 2

II.  DISMISSAL OF PLAINTIFFS' ACTION IS AN EXTREME SANCTION THAT SHOULD BE RECONSIDERED IN LIGHT OF EVIDENCE SUPPORTING PLAINTIFFS' NON-FRIVOLOUS EXPLANATION FOR DELAY . . . . . . . . . . . . . . . 2

   A.   Plaintiffs Did Not Receive Adequate Warning of The Dismissal . . . . . . . . . . . . . 2

   B.   The Circumstances That Led To Dismissal of Plaintiffs' Claims Were Not So Extreme As To Warrant Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES

Cases

**U.S. Supreme Court**

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Ninth Circuit and California District Courts**

*In Re: Eisen,,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        31 F.3d, 1447 (9th Cir. 1994)

*Laurino v. Syringa General Hospital*,
        279 F. 3d 750 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Olivia v. Sullivan,*
        958 F.2d 272, 274 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . 4

*U.S. for Use of Wiltec Guam v. Kahaluu Const.*,
        857 F.2d 600, 604 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# ARGUMENT

## I. PLAINTIFFS' MOTION SHOULD BE GRANTED SINCE THERE IS A NON-FRIVOLOUS EXPLANATION FOR THE DELAY

### A. There is a Non-Frivolous Explanation for Plaintiffs' Delay in Prosecution

Plaintiffs' have "provided a non-frivolous explanation" for their delay in prosecuting the case. *See Laurino v. Syringa General Hospital*, 279 F. 3d 750 (9th Cir. 2002). In their opposition papers, defendants state that "plaintiffs took absolutely no efforts to prosecute their lawsuit." (Decl. Grannis, 1:11) Defendants misrepresent the facts. Prior to the parties joint site inspection on May 23, 2007, Julia M. Adams, the associate handling this case at the time, wrote defendants four separate letters over a two-month period attempting to schedule the inspection. *See* Declaration of Thomas E. Frankovich in Support of Plaintiffs' Motion to Amend of Alter Judgment, ¶2. Plaintiffs also never received confirmation from defendants of the remedial work that was allegedly performed at the Manila Bay Cuisine. In a letter dated, March 6, 2007, plaintiffs' counsel informed defendants that "[a]cceptable forms of verification include photographs and/or diagrams along with a detailed description of what has been modified." *See* Exhibit A, to Frankovich Dec.  Although plaintiffs eventually received a copy of a receipt and an estimate from defendants indicating that some remedial work had been done, e.g., that grab bars were installed in the restroom, that the lavatory pipes were insulated, and that the door pressure had been reduced, plaintiffs have never received confirmation from defendants that the *remaining* architectural barriers were remedied. The remaining architectural barriers that plaintiff Nicole Moss encountered on her October 31, 2005, June 12, 2006, and September 6, 2006, visits to the Manila Bay Cuisine Restaurant include: 1) an inaccessible entrance; 2) lack of accessibility signage at the front door; 3) lack of accessible locking mechanisms on the restroom doors; 4) lack of an accessible toilet; 5) lack of an accessible paper towel dispenser; 6) lack of an accessible faucet for the lavatory; and 7) lack of accessible an toilet seat cover dispenser.

As stated in plaintiffs' moving papers, the initial miscommunications following the joint site inspection between plaintiffs' counsel and his paralegal regarding the preparation of a settlement demand letter to defendants in this case, combined with recent personnel changes and the reassignment of this case within plaintiffs' counsel's firm, resulted in delay in the prosecution

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION MOTION TO ALTER OR AMEND JUDGMENT**          1

of this case. *See* Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Alter or Amend Judgment. This delay was indeed regrettable but hardly so prejudicial to warrant dismissal of plaintiffs' action.

Defendants also misstate this Court's October 11, 2006, Scheduling Order by stating that *plaintiffs* were required to complete a joint site inspection on or before January 19, 2007. In fact, it is the "parties" that have to hold a joint site inspection, and the "parties" who have to meet and confer regarding settlement. Defendants are not innocent for failing to meet mandated deadlines. Defendants conveniently fail to point out that this Court ordered the parties to complete initial disclosures seven days before the joint site inspection, "including defendant's disclosures re: construction or alteration history of subject premises." Plaintiffs mail served their disclosures on May 18, 2007. Plaintiffs have never received defendants' initial disclosures.

### B.  Defendants Were not Prejudiced by Plaintiffs' Non-Frivolous Delay

"Where a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show . . . actual prejudice. If he does do, then the plaintiff must persuade the court that such claims of prejudice are . . . . relatively insignificant when compared to the force of his excuse" *In Re Eisen*, 31 F.3d, 1447, 1453 (9th Cir. 1994). Here, there was no indication that plaintiffs' delay caused prejudice to defendants. Delay alone has been held to be insufficient prejudice. *U.S. for Use of Wiltec Guam v. Kahaluu Const.*, 857 F.2d 600, 604 (9th Cir. 1988).

Defendants argue that they are *"likely* to be prejudiced by the fact that the necessary witnesses and evidence may no longer be available." (*See* Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Alter or Amend Judgment, pg. 5:6-7.) (Emphasis added)  However, such speculation is unwarranted. The relevant witnesses in this action will be plaintiff Nicole Moss, representatives of the defendant entities, and the parties' retained experts. Production of these witnesses, despite any delays in the proceedings, should not be frustrated or otherwise problematic. Accordingly, defendants concern regarding availability of witnesses is insignificant or, at least, overstated.

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION MOTION TO ALTER OR AMEND JUDGMENT**     2

1  II.  **DISMISSAL OF PLAINTIFFS' ACTION IS AN EXTREME SANCTION THAT SHOULD BE RECONSIDERED IN LIGHT OF EVIDENCE SUPPORTING PLAINTIFFS' NON-FRIVOLOUS EXPLANATION FOR DELAY**

3  A.  **Plaintiffs Did Not Receive Adequate Warning of The Dismissal**

Plaintiffs' counsel again acknowledges the need for this Court to manage its docket and the public's interest in expeditious resolution of litigation. However, there was no indication that "alternative sanctions were considered," by this Court. *Olivia v. Sullivan,* 958 F.2d 272, 274 (9th Cir. 1992). The Court, as evidenced by its own Order of Dismissal, acknowledged the fact that no "explanation was filed" by plaintiffs.

Again, plaintiffs' counsel did not have adequate notice of the dismissal. (*See* Declaration of Maria V. Martinez, ¶11). Plaintiffs have no internal record of receiving the order to show cause entered by this Court on July 16, 2007. This was further evidenced by plaintiffs' counsels' failure to file a response to the order to show cause **and** plaintiffs' counsel's failure to appear at the hearing on September 12, 2007.

Defendants also argue that plaintiffs had a responsibility to check the docket at regular intervals. Plaintiffs' counsel acknowledges that a review of the docket would have put plaintiffs' counsel on notice of the order to show cause entered by the Court on July 16, 2007. However, plaintiffs had no indication or reason to check the docket. Since this case was being prosecuted under General Order 56, plaintiffs' counsel would normally not view the docket until after settlement efforts were exhausted, and there was need to file a "Notice of Need for Mediation."

B.  **The Circumstances That Led To Dismissal of Plaintiffs' Claims Were Not So Extreme As To Warrant Dismissal**

"Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." *Olivia,* 958 F.2d at 274. A district court has the inherent power to control its docket and ensure compliance with its orders and local rules through sanction. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1961). Yet, the Court's power is not without limits. Dismissal is harsh penalty, and the bounds of discretion dictate that dismissal should be imposed

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION MOTION TO ALTER OR AMEND JUDGMENT**   3

1 as a sanction only in the most extreme of circumstances. *Thompson v. Housing Authority*, 782
2 F.2d 829, 831 (9th Cir. 1986).
3     Again, plaintiffs' counsel acknowledge that a review of the file would have made them
4 realize earlier rather than later that a settlement demand had not been sent to defendants' counsel.
5 Nevertheless, it still would not have put plaintiffs' counsel on notice of the order to show cause
6 entered by the Court on July 16, 2007.  Again, plaintiffs' counsels' failure to file a response to
7 the order to show cause **and** plaintiffs' counsel's failure to appear at the hearing on September
8 12, 2007, should have given this Court an indication that plaintiffs has no warning of the
9 impending dismissal.

## CONCLUSION

In light of the above, plaintiffs' counsel requests that the Court reverse the order of dismissal and immediately refer this case to Court-sponsored mediation to be completed within ninety (90) days.

Respectfully submitted.

Dated: January 24, 2008        THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*


By:   /s/ Thomas E. Frankovich
     Thomas E. Frankovich
Attorneys for Plaintiffs NICOLE MOSS and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION SERVICES