THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:   415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
NICOLE MOSS
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>MANILA BAY CUISINE; LAND MARK TOWNE CENTER, LLC., a Delaware limited liability company; AGLOS, LLC., a Delaware limited liability company; DINKY, LLC., a Delaware limited liability company; GF LIBERTY, LLC., a Delaware limited liability company; CRIMSUN INC., a California corporation,<br><br>            Defendants. | **CASE NO.  C 06-6356 SBA**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Date:**       March 5, 2008<br>**Time:**      2:45 PM<br>**Judge:**     Hon. Saundra B. Armstrong<br>**Room:**    Courtroom 3, 3rd Floor<br>**Location:** 1301 Clay Street,<br>                 Oakland, California<br>**Telephone:** (510) 637-3559 |

The parties to the above-captioned action jointly submit this Case Management Statement.

**1.    JURISDICTION, VENUE & SERVICE**

**Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under

parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and § 54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and Title 24, California Building Standards Code.

**Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near San Bruno, California, and that plaintiffs' causes of action arose in this district.

**Status of Service of Process:**

All parties to the action have been served.

**2.    BRIEF DESCRIPTION OF CASE/FACTS**

This is an action brought by plaintiffs for discrimination based upon the defendants' alleged failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, California Health & Safety Code §19955, *et seq.*, and the California Disabled Persons Act, Cal. Civ. Code §§54, 54.1 and 54.3, all of which relate to the denial of access to a place of public accommodation.

Plaintiff NICOLE MOSS is a person with a disability. Plaintiff visited MANILA BAY CUISINE, a place of public accommodation, on several occasions. While at MANILA BAY CUISINE, plaintiff allegedly encountered several architectural barriers to access, including lack of proper accessibility signage identifying accessible facilities and accommodations; an inaccessible entrance; lack of accessible restroom. Plaintiffs allege that the existence of these architectural barriers constitutes violations of plaintiffs' civil rights under federal and state law, and caused plaintiff Nicole Moss to suffer actual harm.

**3.    PRINCIPAL LEGAL ISSUES IN DISPUTE**

    a.    whether architectural barriers existed and/or continue to exist at MANILA BAY CUISINE which denied access to persons with disabilities;

    b.    whether the removal of architectural barriers was/is readily achievable;

///

///

    c.    whether defendants made alterations and modifications to MANILA BAY CUISINE which trigger compliance with certain State and federal disability access standards; and

    d.    whether and to what extent plaintiff NICOLE MOSS suffered actual damages at the hands of defendants.

**4.   MOTIONS**

If settlement efforts are unsuccessful, plaintiffs' anticipate bringing a motion for summary judgment on this issue of defendants' liability.

**5.   AMENDMENT OF PLEADINGS**

None anticipated at this time.

**6.   EVIDENCE PRESERVATION**

No issues anticipated.

**7.   DISCLOSURES**

Plaintiffs mail served their disclosures on May 18, 2007. These disclosures included identification of known percipient witnesses, and production of receipts from the subject public accommodation, and pre-filing correspondence from plaintiff NICOLE MOSS to the owner and operator of MANILA BAY CUISINE.

**8.   DISCOVERY**

Plaintiffs request that the permissible number of interrogatories be increased to fifty (50) per party. Discovery shall otherwise be conducted pursuant to the limitations set-forth in the Federal Rules of Civil Procedure.

**9.   CLASS ACTION**

Not Applicable.

**10.   RELATED CASES**

None.

**11.   RELIEF**

Plaintiffs seek injunctive relief to compel defendants to make their public accommodation accessible pursuant to ADAAG or Title 24, whichever is more restrictive, and

to further maintain access in the future. Plaintiffs also seek actual and statutory damages and attorneys' fees, including litigation expenses and costs.

**12. SETTLEMENT/ADR**

The ADR process to which the parties jointly request referral is court-sponsored mediation.

**13. MAGISTRATE JUDGE TRIALS**

The parties consent to assignment of this case to a United States Magistrate Judge for trial purposes.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF ISSUES**

Plaintiffs believe that the issue of defendants' liability can be decided on motion to the Court.

**16. EXPEDITED SCHEDULE**

Not applicable.

**17. SCHEDULING**

| | |
|---|---|
| Disclosure of Expert Witness: | June 30, 2008 |
| Discovery Cut-off: | August 29, 2008 |
| Last Day to Hear Motions: | October 3, 2008 |
| Final Pretrial Conference: | October 28, 2008 |
| Trial Date: | December 2, 2008 |

**18. TRIAL**

**Anticipated length of trial:** 4 days

**Type of trial:**  X   jury      __ court

///
///
///
///

1 **19. NON-PARTY INTERESTED PERSONS**

2 The parties are unaware of any non-party interested persons or entities.

3 **20. OTHER MATTERS**

4 None.

6 Dated: February 25, 2008                    THOMAS E. FRANKOVICH
                                              *A PROFESSIONAL LAW CORPORATION*

8                                             By: _____/s/_____
                                                  Thomas E. Frankovich
9                                             Attorneys for Plaintiffs NICOLE MOSS and
                                              DISABILITY RIGHTS ENFORCEMENT,
10                                            EDUCATION SERVICES

11 Dated: February 25, 2008                   STEYER, LOWENTHAL, BOODROOKAS,
                                              ALVAREZ & SMITH LLP

14                                            By: _____/s/_____
                                                  Benjamin R. Ehrhart
                                              Attorneys for Defendants LAND MARK TOWNE
15                                            CENTER, LLC., a Delaware limited liability
                                              company; AGLOS, LLC., a Delaware limited
16                                            liability company; DINKY, LLC., a Delaware
                                              limited liability company; GF LIBERTY, LLC., a
17                                            Delaware limited liability company

19 Dated: February 25, 2008                   LAW OFFICES OF NATHAN PACO
                                              *A PROFESSIONAL LAW CORPORATION*

21                                            By: _____/s/_____
                                                  Nathan Paco
22                                            Attorneys for CRIMSUN INC., a California
                                              corporation

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

JOINT CASE MANAGEMENT STATEMENT                                                    5

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Date: _____, 2008

                                       _____
                                       Saundra B. Armstrong
                                       UNTIED STATES DISTRICT JUDGE