THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600
Facsimile: 415/674-9900

Attorneys for Plaintiffs
NICOLE MOSS
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MANILA BAY CUISINE; LAND MARK TOWNE CENTER, LLC., a Delaware limited liability company; AGLOS, LLC., a Delaware limited liability company; DINKY, LLC., a Delaware limited liability company; GF LIBERTY, LLC., a Delaware limited liability company; CRIMSUN INC., a California corporation,<br><br>　　　　Defendants. | CASE NO.  C 06-6356 JL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Date:** April 30, 2008<br>**Time:** 10:30 a.m.<br>**Judge:** Hon. Larson<br>**Courtroom:** F, 15th Floor<br>450 Golden Gate Avenue<br>19th Floor<br>San Francisco, CA<br><br>**Telephone:** (415) 522-2046 |

　　　The parties to the above-captioned action jointly submit this Case Management Statement.

**1.　　JURISDICTION, VENUE & SERVICE**

　　　**Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under

parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and § 54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and Title 24, California Building Standards Code.

**Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near San Bruno, California, and that plaintiffs' causes of action arose in this district.

**Status of Service of Process:**

All parties to the action have been served.

**2. BRIEF DESCRIPTION OF CASE/FACTS**

This is an action brought by plaintiffs for discrimination based upon the defendants' alleged failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, California Health & Safety Code §19955, *et seq.*, and the California Disabled Persons Act, Cal. Civ. Code §§54, 54.1 and 54.3, all of which relate to the denial of access to a place of public accommodation.

Plaintiff NICOLE MOSS is a person with a disability. Plaintiff visited MANILA BAY CUISINE, a place of public accommodation, on several occasions. While at MANILA BAY CUISINE, plaintiff allegedly encountered several architectural barriers to access, including lack of proper accessibility signage identifying accessible facilities and accommodations; an inaccessible entrance; lack of accessible restroom. Plaintiffs allege that the existence of these architectural barriers constitutes violations of plaintiffs' civil rights under federal and state law, and caused plaintiff Nicole Moss to suffer actual harm.

**3. PRINCIPAL LEGAL ISSUES IN DISPUTE**

a. whether architectural barriers existed and/or continue to exist at MANILA BAY CUISINE which denied access to persons with disabilities;

b. whether the removal of architectural barriers was/is readily achievable;

///

///

JOINT CASE MANAGEMENT STATEMENT                                                                 2

      c.      whether defendants made alterations and modifications to MANILA BAY CUISINE which trigger compliance with certain State and federal disability access standards; and

      d.      whether and to what extent plaintiff NICOLE MOSS suffered actual damages at the hands of defendants.

**4.    MOTIONS**

If settlement efforts are unsuccessful, plaintiffs' anticipate bringing a motion for summary judgment on this issue of defendants' liability.

**5.    AMENDMENT OF PLEADINGS**

None anticipated at this time.

**6.    EVIDENCE PRESERVATION**

No issues anticipated.

**7.    DISCLOSURES**

Plaintiffs mail served their disclosures on May 18, 2007. These disclosures included identification of known percipient witnesses, and production of receipts from the subject public accommodation, and pre-filing correspondence from plaintiff NICOLE MOSS to the owner and operator of MANILA BAY CUISINE.

**8.    DISCOVERY**

Plaintiffs request that the permissible number of interrogatories be increased to fifty (50) per party. Discovery shall otherwise be conducted pursuant to the limitations set-forth in the Federal Rules of Civil Procedure.

**9.    CLASS ACTION**

Not Applicable.

**10.    RELATED CASES**

None.

**11.    RELIEF**

Plaintiffs seek injunctive relief to compel defendants to make their public accommodation accessible pursuant to ADAAG or Title 24, whichever is more restrictive, and

to further maintain access in the future.  Plaintiffs also seek actual and statutory damages and attorneys' fees, including litigation expenses and costs.

**12.  SETTLEMENT/ADR**

The ADR process to which the parties jointly request referral is court-sponsored mediation.

**13.  MAGISTRATE JUDGE TRIALS**

The parties consent to a Magistrate Judge for trial purposes.

**14.  OTHER REFERENCES**

Not applicable.

**15.  NARROWING OF ISSUES**

Plaintiffs believe that the issue of defendants' liability can be decided on motion to the Court.

**16.  EXPEDITED SCHEDULE**

Not applicable.

**17.  SCHEDULING**

| | |
|---|---|
| Disclosure of Expert Witness: | June 30, 2008 |
| Discovery Cut-off: | August 29, 2008 |
| Last Day to Hear Motions: | October 17, 2008 |
| Final Pretrial Conference: | November 19, 2008 |
| Trial Date: | January 7, 2009 |

**18.  TRIAL**

**Anticipated length of trial:** 4-5

**Type of trial:**   X   jury       court

///
///
///
///
///

JOINT CASE MANAGEMENT STATEMENT                                              4

1  **19.  NON-PARTY INTERESTED PERSONS**

2  The parties are unaware of any non-party interested persons or entities.

3  **20.  OTHER MATTERS**

4  On February 12, 2008, Judge Armstrong awarded Defendants Land Mark Towne Center, LLC, Aglos, LLC, Dinky LLC and GF Liberty, LLC ("Property Owner Defendants") attorneys fees and costs for opposing plaintiff Nicole Moss's Motion to Alter or Amend Judgment in the above titled matter. Plaintiff and Property Owner Defendants agreed that plaintiff's counsel would pay Property Owner Defendants $2,000 to resolve the fees and costs awarded in opposing the motion. To date, Plaintiff and plaintiff's counsel have not remitted payment of $2,000 to Property Owner Defendants' counsel, Steyer Lowenthal Boodrookas Alvarez & Smith LLP. Plaintiffs' counsel anticipate sending said payment to Property Owner Defendant's counsel on April 22, 2008.

Dated: April 21, 2008                THOMAS E. FRANKOVICH
                                     *A PROFESSIONAL LAW CORPORATION*


                                     By:  /s/
                                          Thomas E. Frankovich
                                     Attorneys for Plaintiffs NICOLE MOSS and
                                     DISABILITY RIGHTS ENFORCEMENT,
                                     EDUCATION SERVICES

Dated: April 21, 2008                STEYER, LOWENTHAL, BOODROOKAS,
                                     ALVAREZ & SMITH LLP



                                     By:  /s/
                                          Benjamin R. Ehrhart
                                     Attorneys for Defendants LAND MARK TOWNE
                                     CENTER, LLC., a Delaware limited liability
                                     company; AGLOS, LLC., a Delaware limited
                                     liability company; DINKY, LLC., a Delaware
                                     limited liability company; GF LIBERTY, LLC., a
                                     Delaware limited liability company

///

///

///

Dated: April 21, 2008

LAW OFFICES OF NATHAN PACO
*A PROFESSIONAL LAW CORPORATION*

By: \_\_\_/s/_____
     Nathan Paco
Attorneys for CRIMSUN INC., a California corporation

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Date: _____, 2008

_____
James Larson
UNITED STATES MAGISTRATE JUDGE